IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW TIGHE,<br>    Plaintiff,<br><br>    v.<br><br>ERIC J. PURCHASE, *personal administrator of the Estate of Mona Buschak, individually and in her official capacity as President of the General McLane School Board*; and **THE GENERAL MCLANE SCHOOL DISTRICT**,<br>    Defendants. | 1:11-cv-224 |

## **MEMORANDUM ORDER**

Pending before the Court are the following motions in limine:

 (1) Plaintiff's MOTION IN LIMINE TO INTRODUCE EVIDENCE OF INTENT (ECF No. 105);

 (2) Plaintiff's MOTION IN LIMINE REGARDING ADOPTION OF AMENDED 903 POLICY AT OCTOBER 20, 2010 MEETING (ECF No. 107);

 (3) Plaintiff's MOTION IN LIMINE TO INTRODUCE EVIDENCE OF TURBINE PROJECTS AND OFFICE OF OPEN RECORDS PROCEEDINGS (ECF No. 109);

 (4) Plaintiff's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF JANUARY 8, 2010 INCIDENT (ECF No. 111);

 (5) Plaintiff's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SCHOOL SHOOTINGS (ECF No. 113); and

 (6) DEFENDANTS' MOTION IN LIMINE (ECF No. 115).

The motions have been extensively briefed and are ripe for disposition. (ECF Nos. 106, 108, 110, 112, 116, 119, 121, 122, 123).

## I. Background

This hotly contested civil rights action arises out of a series of General McLane School Board meetings that took place on August 18, 2010; October 20, 2010; November 17, 2010; and

1

December 8, 2010. From 2009 until the time period at issue in this case, Plaintiff, a resident and taxpayer in the General McLane School District, was a frequent attendee and participant at the School Board's monthly meetings. In his six-count Amended Complaint, Plaintiff raised various First Amendment-based claims against Mona Buschak, the now-deceased former president of the General McLane School Board; Rick Scaletta, the superintendent of the General McLane School District; and the General McLane School District.[1] Plaintiff also alleged claims for false arrest and malicious prosecution, based on his arrest and subsequent prosecution following the December 8, 2010, meeting of the School Board.

After the close of discovery, both Plaintiff and Defendants moved for summary judgment – Plaintiff with respect to the claims related to the August 18 and October 20, 2010, meetings and Defendants with respect to all of Plaintiff's claims. In ruling on the parties' motions, the Court held that Defendants were entitled to summary judgment on each of Plaintiff's claims except for those against Buschak stemming from the August 18, 2010, meeting. The Court also held, however, that because Buschak was the School District's final policymaker with respect to School District action taken during the Recognition of Visitors portion of the Board's meetings, the School District could be held liable under *Monell* for Buschak's conduct at the August 18th meeting.[2] Accordingly, only a narrow First Amendment claim remains for trial. A trial date has

---

1. To wit: Count I, "First Amendment Violation-Free Speech;" Count II, "First Amendment Violation-Right to Petition;" and Count III, "Official Oppression and Intimidation" against Buschak and Scaletta, arising out of the August 18 meeting; Count IV, "Denial of Right to Speak and be Heard by the School Board of Directors" against the "defendant School Board" arising out of the October 20 meeting; Count V, "Violation of First Amendment Right to Speak in a Public Forum," against Buschak, arising out of the November 17 meeting; and Count VI, "Official Repression and Retaliation/False Arrest/Malicious Prosecution" against Buschak and Scaletta, for conduct following the December 8 meeting.

2. Although the School District – erroneously labeled the "defendant School Board" – is only named in Count IV, which relates to the October 20th meeting, the parties have apparently

not yet been scheduled. However, following the filing of this Memorandum Opinion and Order, the Court will issue a separate Trial Scheduling Order via CM/ECF.

**II.    Discussion**

As a result of the Court's rulings with respect to the parties' motions for summary judgment, the sole question for the jury to decide will be whether Buschak acted with an impermissible intent in cutting off Plaintiff's presentation at the August 18, 2010, meeting. That is, was she acting only to maintain order? Or was Plaintiff's viewpoint or identity – and not concern regarding actual disruption of the meeting – the reason behind her decision? Though the parties' motions raise various issues, they focus largely on the extent to which evidence related to Plaintiff's prior and subsequent presentations to the Board is relevant to deciding this question. Because there is significant overlap of the issues raised in Plaintiff's first, second, and third motions (ECF Nos. 105, 107, and 109) and Defendants' motion, these motions will be addressed together. The Court will then turn to Plaintiff's fourth and fifth motions. (ECF Nos. 111, 113). Finally, before concluding, the Court will address Defendants' contention regarding the late-disclosure of certain witnesses.

**A.    Plaintiff's First, Second, and Third Motions and Defendants' Motion (ECF Nos. 105, 107, 109, and 115)**

**1.    Prior Board Meetings**

Plaintiff argues that the evidence from the May 2010 School Board meeting – presumably in the form of video footage of this meeting – is admissible to show the protected nature of his speech[3] and to prove Buschak's intent on August 18th. Defendants, unsurprisingly,

---

assumed throughout this case that Plaintiff is attempting to impose liability on the School District for each of the alleged constitutional violations. The Court has done the same.

3.    Plaintiff mentions on several occasions that he is required to "demonstrate that his conduct was protected by the First Amendment" in order to succeed on his claim. Pl.'s Resp. at

take the opposite view, as they seek to keep out much of the evidence that Plaintiff is seeking to have admitted, though they concede that some of the evidence of Plaintiff's prior presentations to the Board "may be relevant for the limited purpose of establishing the general characteristics and repetitive nature of Plaintiff Tighe's presentations to the Board." Def.'s Br. at 2 n.1, ECF No. 116.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The definition must be liberally construed in favor of admissibility. *See Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (explaining that Rule 401 is "very broad" and "does not raise a high standard").

To begin, the Court finds that evidence related to Plaintiff's prior presentations to the Board provides relevant background information, which set the stage, so to speak, for that which transpired at the August 18th meeting. This type of evidence "is universally offered and admitted as an aid to understanding." Fed. R. Evid. 401, Adv. Comm. Notes. Put simply, it would be impossible for the jury to fully grasp Plaintiff's allegations if the story were to begin and end on

---

5, ECF No. 120. Evidence about the content of his prior presentations on the subjects of bullying and the wind turbine project, he claims, is necessary to make that showing. This is misguided. If Plaintiff had alleged a retaliation claim, he would be correct that he would have to show that he engaged in conduct that was protected by the First Amendment in the past and was retaliated against because of that conduct. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004) ("The threshold requirement [in a retaliation case] is that the plaintiff identify the protected activity that allegedly spurred the retaliation."). However, he has not done that. Instead, he has only alleged "a direct restraint on speech in a particular public forum, as well as a restraint on his ability to petition under the Petition Clause of the First Amendment." *Id.* at 279 (distinguishing between "direct restraint" claims and retaliation claims). Therefore, he need not prove that his past presentations constituted protected First Amendment activity. He must only prove that Buschak acted with an impermissible intent in ending his presentation and having him removed from the meeting on August 18th.

August 18, as though Plaintiff had never presented to the Board before. Rather, "[i]t is expected that the counsel and witnesses provide background information on the parties and their dispute to inform the jury of the circumstances that led them to seek relief in this Court." *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-290, 2013 WL 4511293, at *12 (W.D. Pa. Aug. 23, 2013) (citing Fed. R. Evid. 401). Thus, Plaintiff and other witnesses may testify about Plaintiff's history of attending Board meetings, his relationship with Buschak and other School Board members, the nature and substance of his prior presentations to the Board, and the reactions of Board members or other participants at meetings, including Solicitor McDonald's statements at the May 2010 meeting and the other "personal animus evidence" referenced in Defendants' motion. Plaintiff may also demonstrate to the jury the video footage from the May 10th meeting.

To be clear, however, the minutes, transcripts, and video footage of each and every meeting Plaintiff ever attended prior to August 18 **will not** be admissible. Permitting the introduction of all of this evidence would risk turning the trial into a series of "mini-trials" on the propriety of Plaintiff's conduct and the corresponding response from Buschak and the other Board members/participants at every meeting that Plaintiff ever attended. That would amount to a substantial waste of the jury's time and tend to obscure rather than shed light on the key issue of whether Buschak's conduct on August 18th was constitutional. *See* Fed. R. Evid. 403.

### 2. Subsequent Board Meetings

While a limited amount of evidence of Plaintiff's prior interactions with Buschak and the School Board is relevant and admissible as background evidence and to establish that the parties had an established history with one another, the Court reaches a different conclusion with respect to evidence from subsequent board meetings. There is no doubt that evidence of subsequent acts

5

may be admissible in certain cases.[4] *See, e.g.*, *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 524 (3rd Cir. 2003). Plaintiff, however, attempts to seize on this general principle and turn it into something it's not: a mandate that any and all subsequent acts may be admitted into evidence. Even assuming that such evidence may relevant, it nonetheless fails to pass muster under the balancing test of Rule 403. The probative value of the evidence is slight. In fact, Buschak was not even the presiding officer at the December 8th meeting, so it is difficult to conceive how then-President Melodee Kushner's conduct at that meeting could possibly shine any light on Buschak's intent months before.[5] Moreover, the Court has already ruled that Plaintiff's rights were not violated at the October 20 or December 8, 2010, meetings. Allowing Plaintiff to bring up these incidents would effectively nullify the Court's summary judgment rulings, which dismissed the claims arising from these meetings, and invite the jury to find for Plaintiff based on conduct that the Court has already found to be constitutionally permissible.

---

4. As reflected by several of the cases cited by Plaintiff, each of which is readily distinguishable from the instant case, evidence of this type is most often admitted in discrimination cases, where a defendant is alleged to have treated members of one group more favorably than members of another group. In such case, a plaintiff can establish pretext "by showing 'that the employer treated other, similarly situated persons out of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons.'" *Ansell*, 347 F.3d at 521 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). Subsequent-act evidence may be "less probative" on this issue than prior-act evidence, but it "may still be relevant" depending on how much time has passed from the alleged discriminatory act at issue. *Id.* at 524 (citations omitted).

5. Plaintiff argues that the intent of the School Board, as an entity, is also at issue in this case. In so arguing, however, Plaintiff evinces a misunderstanding of this Court's prior ruling. As this Court explained in its last Memorandum Opinion, if the jury finds that Buschak acted with an impermissible intent, then the School District can be held concomitantly liable for that violation of Plaintiff's rights because the Court has found that Buschak was, as a matter of law, a final policymaker. The jury will not, therefore, be asked to separately consider whether the Board or the District – or anyone else – shared Buschak's intent.

Whatever limited probative value the evidence might have is substantially outweighed by those considerations.

### 3. Amendments to Policy 903

In his third motion, Plaintiff essentially asks for a second bite at the summary judgment apple, arguing that the Court erred in dismissing the claim related to the October 20th Board meeting. According to Plaintiff, the amended version of Policy 903 was not yet in effect when Buschak adjourned that meeting in the midst of Plaintiff's presentation. Instead, Plaintiff contends, Buschak was enforcing an impermissible, speaker-specific restriction on his speech, as outlined in the letter sent to Plaintiff by Scaletta following the August 18th meeting. Thus, he asks the Court to reinstate Count IV of the Amended Complaint. The Court must decline this request. Irrespective of which version of the policy was in effect at the time, Buschak could lawfully restrict Plaintiff's speech to items on the meeting's agenda and prevent him from presenting speech on a topic that he had discussed at several prior Board meetings.[6] *See Eichenlaub*, 385 F.3d at 281 (explaining that "speech at a citizen's forum may be limited according to its germaneness to the purpose of the meeting"). It is true that selective enforcement of the policy would raise First Amendment concerns. Had Scaletta sent the letter to Plaintiff containing the additional restrictions and had Buschak applied those restrictions to Plaintiff – and Plaintiff alone – prior to the time the amended version of Policy 903 went into effect, Plaintiff's argument would have some merit. But, as the Court previously explained, there is no evidence of that in this record. There is no evidence that anyone other than Plaintiff attempted to speak on a matter that was outside the scope of the meeting and was permitted to do so. Sending Plaintiff

---

6. Plaintiff contends that he was not actually addressing the same topic, but was instead addressing different incidents of bullying during each of his presentations. Even so, bullying was not a subject the Board intended to address at the October 20 meeting, so Buschak did not have to permit him to speak on that topic.

the letter which contained the restrictions before the amendments were formally adopted did not, in this Court's estimation, amount to a constitutional violation. Plaintiff has failed to convince the Court otherwise.

For their part, Defendants argue that any evidence related to the amendments to Policy 903 is irrelevant and thus should not be admissible. The Court agrees. The decision to amend the policy has no relevance to the question of whether Buschak acted constitutionally on August 18. Therefore, Plaintiff will not be permitted to introduce any evidence related to the amendments to the policy.

### 4. Wind Turbine Project and Right-to-Know Requests

Plaintiff requests to have evidence related to the School District's proposed wind turbine project and his Right-to-Know requests deemed admissible. According to Plaintiff, this evidence "provides necessary contextual information about the viewpoints and content Mrs. Buschak was discriminating against" and is also relevant to the issue of intent. Pl.'s Mot. at 4, ECF No. 110. Defendants, however, argue that the evidence is irrelevant, primarily because, in their view, there is no evidence linking Plaintiff's investigation of the wind turbine project to Buschak's decision to end his presentation on August 18th.

Both sides have raised reasonable arguments in support of their respective positions, and the Court will attempt to strike a middle ground. On the one hand, the Court agrees with Plaintiff that he should be allowed to at least discuss the general nature and content of his presentations to the Board, in which he criticized the handling of the wind turbine project. He should also be allowed to discuss, and introduce a limited amount of evidence related to, the Right-to-Know proceedings, which culminated in the decision of the School District to scuttle the project. This is relevant background information, which also, as Plaintiff suggests, could be probative of

Buschak's intent. On the other hand, as already discussed, there is a potential risk that permitting Plaintiff to depict video footage or transcripts of each of his presentations on this topic would needlessly protract the trial and potentially confuse or mislead the jury into making a decision based on whether the School District appropriately handled the bidding process and the Right-to-Know requests filed by Plaintiff – a question that is ultimately irrelevant to Plaintiff's claim. Those risks substantially outweigh the probative value of the video footage and transcripts. Fed. R. Evid. 403. Accordingly, while Plaintiff will be allowed to introduce testimony and evidence generally describing the wind turbine project, he will not be permitted to display to the jury the video clips or the transcripts from each meeting at which he presented on that topic.

### 5. Bullying

The parties likewise dispute whether evidence related to Plaintiff's presentations on the subject of bullying should be admissible. Again, the Court will attempt to strike a middle ground. Plaintiff will be permitted to introduce testimony and evidence, **of a general nature**, regarding his prior presentations on bullying, as such evidence provides relevant background information and context to Plaintiff's claim. However, he will not be permitted to introduce video clips and transcripts of each meeting at which he made such a presentation.

### 6. State Police Involvement

Defendants argue that Plaintiff should be prohibited from introducing evidence that the state police were called to the August 18th Board meeting. The Court disagrees. The fact that the State Police were called is directly relevant to Plaintiff's claim, as he is alleging that he was silenced and then removed from the meeting on an impermissible basis. Thus, Plaintiff may introduce evidence regarding the call to the state police and their subsequent arrival on the scene on August 18.

### 7. Criminal Proceedings

Defendants seek to preclude Plaintiff from introducing any evidence related to the criminal proceeding initiated against him after the December 8, 2010 meeting. Plaintiff has indicated that he does not intend to introduce any evidence related to the criminal charges brought against him, except insofar as "these exhibits contain statements and evidence of the underlying events that transpired between [Plaintiff] and the GM Board." Pl.'s Resp. at 33 n.7, ECF No. 120). The Court agrees with Defendant that any and all evidence related to the criminal proceedings is irrelevant, as Plaintiff's false arrest and malicious prosecution claims have been dismissed. However, consistent with Plaintiff's representation, he **may** be permitted to introduce "statements and evidence of the underlying events" contained within exhibits related to the criminal proceeding. Because Plaintiff has not specifically explained which "statements and evidence" he may be referring to, though, the Court will defer ruling on the admissibility of any such "statements and evidence" until trial.

### B. Plaintiff's Fourth Motion (ECF No. 111)

Plaintiff moves to exclude evidence related to an incident at the General McLane Education Center on January 8, 2010. According to Plaintiff's version of the incident, on the date in question, his daughter was assaulted on the school bus and he returned with her to the Education Center to try to find a school nurse to help treat her injuries. Defendants describe the incident differently, explaining that Plaintiff was seen attempting to get into the Education Center after 4:00 p.m., "push[ing] his way into the locked building before being asked to leave." Def.'s Resp. at 18, ECF N. 119.

Plaintiff argues that evidence related to this incident is irrelevant and, alternatively, amounts to impermissible character evidence that ought to be excluded under F.R.E. 404(b)(1).

Defendants respond that they have no intent to offer any evidence about this incident. They maintain, however, that to the extent that Plaintiff is allowed to introduce evidence related to his presentations about bullying, they should be allowed to introduce evidence related to the January 8 incident to "give context to Tighe's interactions with the District over the issue of bullying." *Id.* at 19. The Court agrees with Plaintiff.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may, however, be admissible for a proper purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the Court of Appeals has very recently made clear, "Rule 404(b) is a rule of general exclusion, and carries with it 'no presumption of admissibility.'" *U.S. v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28, at 731 (4th ed. 2013)). Thus, the "permitted uses" should be treated as "exceptions" to the general rule, and "[a]s is generally the case with exceptions," the burden of establishing that the evidence is admissible falls on the proponent of the evidence. *Id.*

Defendants have not met that burden. They suggest that the evidence should be admitted because it provides context and shows why "the Board and District administration may have been on guard as far as Tighe was concerned." Defs.' Resp. at 19, ECF No. 119. Showing why Buschak or any other Board member was "on guard," however, is not a proper purpose under Rule 404(b)(2), as it is not "'of consequence in determining the action.'" *Caldwell*, 760 F.3d at 276 (quoting Fed. R. Evid. 401(b)). Even if Buschak had a reason to be "on guard," she could still be held liable if she silenced Plaintiff's presentation because of his viewpoint or identity, as

11

opposed to a desire to bring order to the meeting. To be sure, Buschak's intent is at issue. However, evidence related to the January 8th incident is not relevant to proving Buschak's intent. The evidence says nothing about whether Buschak had a basis for believing that Plaintiff's conduct *at the time* presented a threat to the disorderly conduct of the meeting. In addition, the parties offer divergent accounts of exactly what transpired during this incident, which creates a risk that the introduction of this evidence would devolve into a trial within a trial on whose versions of events were true. So, even if the evidence could be found to have some relevance to a proper, non-propensity purpose, the Court would exclude it, as whatever marginal probative value the evidence might have is substantially outweighed by the danger of "confusing the issues, misleading the jury, undue delay, [and] wasting time[.]" Fed. R. Evid. 403.

### C. Plaintiff's Fifth Motion (ECF No. 113)

Plaintiff argues that insofar as Defendants seek to introduce evidence regarding a series of school shooting incidents, including one which took place at General McLane more than 10 years ago, they should be prohibited from doing so. Defendants have indicated that they do not intend to offer any such evidence in their case-in-chief. Accordingly, Plaintiff's request will be denied as moot. Defendants also argue, however, that they might wish to introduce such evidence to rebut "irrelevant, prejudicial or inadmissible evidence" that Plaintiff is permitted to introduce. Defs.' Resp. at 20, ECF No. 119. This will not be allowed. The Court fails to see how this evidence could possibly be relevant to the issue of Buschak's intent, as there is no indication that she had any of these incidents in mind whenever she ended Plaintiff's presentation on August 18. Even if – somehow – this evidence could be found to be relevant, the Court would exclude it pursuant to Rule 403. There is no question that interjecting an issue as emotionally charged as school shootings into this trial would be unfairly prejudicial to Plaintiff.

### D. Witnesses Not Disclosed During Discovery

Lastly, Defendants argue that Plaintiff identified certain witnesses in his pretrial statement whose identities were not disclosed during discovery. Defendants request that Plaintiff be required to make a formal offer of proof as to each witness and, insofar as their proffered testimony is irrelevant or cumulative, to prohibit them from testifying. In response, Plaintiff does not dispute that he failed to disclose the identities of these witnesses during discovery. Nonetheless, he submits that these witnesses were properly identified in his pretrial statements and argues that they should be permitted to testify as to his damages.

A party is not required to identify trial witnesses until the filing of its pretrial statement. *See* LCvR 16.1(C)(1)(c); Fed R. Civ. P. 26(a)(3)(A)(i). A party must, however, supply the names of individuals "likely to have discoverable information" as part of its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i). This obligation is continuing in nature, such that a party must "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Thus, to the extent that Plaintiff did, in fact, identify proposed trial witnesses in his pretrial statement who were not previously identified in his initial disclosures or supplements thereto, he failed to uphold his obligations under the Rules.

Under Fed. R. Civ. P. 37(c)(1), a party who fails to "identify a witness as required by Rule 26(a) or (e)" is not permitted to present the testimony of the omitted witnesses at trial, "unless the failure was substantially justified or is harmless." Plaintiff has not offered any justification for the failure to disclose the identities of these witnesses. Be that as it may, the Court will not, at this time, preclude these witnesses from testifying. Trial in this matter will not take place until early next year, so Defendants will have ample time to prepare for the handling

of the testimony of these witnesses. If, for whatever reason, that turns out not to be the case – or if Defendants object to the relevancy of the proffered testimony from these witnesses – they may re-raise this issue at trial.

## IV. Conclusion

In accordance with the foregoing, Plaintiff's MOTION IN LIMINE TO INTRODUCE EVIDENCE OF INTENT (ECF No. 105) is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's MOTION IN LIMINE REGARDING ADOPTION OF AMENDED 903 POLICY AT OCTOBER 20, 2010 MEETING (ECF No. 107) is **DENIED**; Plaintiff's MOTION IN LIMINE TO INTRODUCE EVIDENCE OF TURBINE PROJECTS AND OFFICE OF OPEN RECORDS PROCEEDINGS (ECF No. 109) is **GRANTED IN PART AND DENIED IN PART**; Plaintiff's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF JANUARY 8, 2010 INCIDENT (ECF No. 111) is **GRANTED**; Plaintiff's MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SCHOOL SHOOTINGS (ECF No. 113) is **DENIED AS MOOT**; and DEFENDANTS' MOTION IN LIMINE (ECF No. 115) is **GRANTED IN PART AND DENIED IN PART**. A separate final Trial Scheduling Order will be issued forthwith.

**SO ORDERED**, this 30th day of December 2014.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Elizabeth Farina Collura, Esquire**
Email: ecollura@thorpreed.com
**Robert J. Ridge, Esquire**
Email: rridge@clarkhillthorpreed.com

**Richard A. Lanzillo, Esquire**
Email: rlanzillo@kmgslaw.com
**Christopher J. Sinnott, Equire**
Email: csinnott@mmbwslaw.com

**Gary Eiben, Esquire**
Email: geiben@tmgattys.com