IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW TIGHE,<br>    **Plaintiff,**<br><br>    v.<br><br>ERIC J. PURCHASE, *personal administrator of the Estate of Mona Buschak, individually and in her official capacity as President of the General McLane School Board*; and **THE GENERAL MCLANE SCHOOL DISTRICT**,<br>    **Defendants.** | )<br>)<br>)<br>)<br>) 1:11-cv-224<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Clarification (ECF No. 134), along with a supplement thereto (ECF No. 136). Defendants have filed a Brief in Opposition (ECF No. 142), and Plaintiff has filed a Reply Brief (ECF No. 143).

By way of background, following the filing of the parties' pretrial statements, both sides filed extensive motions in limine, which the Court ruled on in a Memorandum Order dated December 30, 2014. As relevant for the purpose of this motion, Defendants sought to preclude Plaintiff "from offering evidence" – specifically, the transcripts from Plaintiff's preliminary hearing and bail modification hearing, identified as exhibits 121 and 122 in Plaintiff's pretrial statement – "and making argument on the topic of the criminal charges brought against him or the prosecution of those charges[,]" which were filed by the Pennsylvania State Police following the December 8, 2010, School Board meeting. Defs.' Mot. in Limine ¶ 26, ECF No. 115. This evidence is irrelevant, Defendants argued, because Plaintiff's false arrest and malicious prosecution claims related to his removal from the December 8 meeting and his subsequent prosecution did not survive summary judgment. Additionally, Defendants claimed that there is no logical connection between the criminal charges that emanated from the December 8 meeting

1

and Mona Buschak's decision to rule Plaintiff out of order at the August 18, 2010, meeting (i.e., the only meeting that remains at issue). In Plaintiff's response to Defendants' various motions, he did not directly address this argument. In a footnote at the conclusion of his filing, however, he stated:

> Mr. Tighe intends to introduce the exhibits in his Pretrial Statement relating to the criminal proceedings to the extent that these exhibits contain statements and evidence of the underlying events that transpired between Mr. Tighe and the GM Board. Mr. Tighe **does not intend to introduce evidence of the criminal charges or prosecution, themselves, at trial**. Mr. Tighe reserves the right to introduce such evidence in the event that Counts III through VI of his Amended Complaint are later reinstated.

Pl.'s Br. in Opp. at 33 n.7, ECF No. 120 (emphasis added).

In light of Plaintiff's representation that he did not "intend to introduce evidence of the criminal charges or prosecution," the Court did not expressly rule on Defendants' motion to exclude the two hearing transcripts from trial. At the same time, though, the Court stated, in no uncertain terms: "**The Court agrees with Defendant that any and all evidence related to the criminal proceedings is irrelevant**, as Plaintiff's false arrest and malicious prosecution claims have been dismissed." Mem. Order at 10, ECF No. 124 (emphasis added). The Court then went on to say that Plaintiff "may be permitted to introduce 'statements and evidence of the underlying events' contained within exhibits related to the criminal proceeding." *Id.* However, because Plaintiff had not actually identified which "statements and evidence" he wanted to introduce, the Court "defer[red] ruling on the admissibility of any such 'statements and evidence' until trial." *Id.*

Now, Plaintiff wants the Court to clarify what it meant by this statement. However, although Plaintiff's motion is ostensibly one for clarification, in reality, what he exhorts this Court to do is reconsider its conclusion that the evidence related to the criminal proceedings is

2

irrelevant. Not only that, he wants the Court to allow him to introduce several items of evidence related to the criminal proceedings following the December 8 meeting that were not previously identified in his pretrial statement: the police report, the criminal complaint, and the order of expungement (albeit in redacted form, so as to eliminate references to the December 8 meeting, and make it appear as though the charges stemmed solely from the August 18 meeting); portions of the transcripts from his preliminary hearing and bail modification hearing; and three newspaper articles that reference the criminal charges. He also seeks permission to offer testimony that criminal charges were filed against him regarding the August 18 meeting, that the Disorderly Conduct charge was dismissed at the preliminary hearing, that the Disrupting a Public Meeting charge was *nolle prossed*, and that his criminal record was eventually expunged.

The Court will not countenance Plaintiff's request. The Court has already explained that evidence related to Plaintiff's criminal prosecution following the December 8 meeting is irrelevant, and Plaintiff has offered nothing to convince the Court otherwise. Although there are a few fleeting references to the August 18 meeting in the criminal complaint, police report, and hearing transcripts, the criminal charges themselves focused on and arose from the December 8 meeting. As such, the proffered evidence related to those charges is not probative of the lone issue that remains for trial: whether Buschak acted with an impermissible intent in ruling Plaintiff out of order on August 18, some four months before the charges were filed by the State Police following the December 8 meeting. Neither Buschak nor the Board filed the criminal charges. Indeed, Buschak was no longer the president of the School Board when the charges were filed. Nor is there any evidence that she prevailed upon the State Police to file the charges. Thus, as Defendants argue, if the Court were to allow Plaintiff to introduce the proffered evidence, "its intended and inevitable effect" would be "to put Defendants on trial for a decision

3

of the State Police and Erie County District Attorney to file criminal charges against [Plaintiff]." Defs.' Br. at 2. The Court has already determined that the decision to file criminal charges was not constitutionally infirm. The Court **will not** allow Plaintiff to re-open this issue at trial, the focus of which has been significantly narrowed by the Court's prior rulings.

To be sure, the Court did leave open the possibility that Plaintiff could attempt to introduce certain segments of testimony from the two hearing transcripts, insofar as they relate to what transpired on August 18, 2010. However, the proffered exhibits far exceed the scope of that which the Court has deemed permissible. Also, while Plaintiff has attached excerpts from the hearing transcripts as exhibits to his motion, he has not specified the lines from the transcripts he intends to introduce. Thus, the Court cannot determine whether or not the proffered excerpts should be admissible. At any rate, as the Court previously observed, a ruling on this aspect of the matter is best left for trial. A witness's prior statement(s) from one of these two hearings, for instance, might be admissible as substantive evidence under Fed. R. Evid. 801(d)(1)(A) (or possibly another hearsay exemption or exception) and/or for impeachment purposes, but the Court cannot rule on the admissibility of such statement(s) until the witness actually testifies in relation to same.

In accordance with the foregoing, Plaintiff's so-called Motion for Clarification is hereby **DENIED**. Exhibits A, B, C, F, G, and H to Plaintiff's motion and supplement are **NOT ADMISSIBLE EVIDENCE**, and, furthermore, Plaintiff is **NOT PERMITTED** to introduce testimony that criminal charges were filed against him regarding the August 18, 2010, meeting, that the Disorderly Conduct charge was dismissed at the preliminary hearing, that the Disrupting a Public Meeting charge was *nolle prossed*, and that his criminal record was eventually expunged. Once again, excerpts from the preliminary hearing transcript and the bail modification

4

hearing transcript, which are Exhibits D and E, respectively, may be admissible under Fed. R. Evid. 801(d)(1)(A) (or possibly another hearsay exemption or exception) and/or for impeachment purposes, but a ruling on the admissibility of any such excerpts is **DEFERRED** until trial. **SO ORDERED**, this 21st day of April 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Elizabeth Farina Collura, Esquire**
Email: ecollura@thorpreed.com

**Richard A. Lanzillo, Esquire**
Email: rlanzillo@kmgslaw.com
**Christopher J. Sinnott, Equire**
Email: csinnott@mmbwslaw.com
**Gary Eiben, Esquire**
Email: geiben@tmgattys.com