IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW TIGHE,<br>    Plaintiff,<br><br>    v.<br><br>ERIC J. PURCHASE, *personal administrator of the Estate of Mona Buschak, individually and in her official capacity as President of the General McLane School Board*; and **THE GENERAL MCLANE SCHOOL DISTRICT**,<br>    Defendants. | )<br>)<br>)<br>)<br>) 1:11-cv-224<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' MOTION TO QUASH/MOTION *IN LIMINE* (ECF No. 162), in which Defendants ask this Court to "rule that the proposed evidence relating to Mr. Tighe's request for a school district employee to testify at a hearing relating to the bullying incident(s) and the School District's response, communicated through Attorney Conti, is irrelevant, and to quash the subpoena directed to Attorney Conti." Defs.' Mot. 4, ECF No. 162. The motion particularly relates to a letter sent by Attorney Conti to Plaintiff on March 31, 2010, which advised Plaintiff that a school employee would not be able to testify at a preliminary hearing related to an incident involving his daughter without properly subpoenaed. Plaintiff opposes the motion (ECF No. 165), arguing that Attorney Conti's testimony is relevant to show "the background and dealings between [him] and the Defendants," as well as to show intent.

  The Court has already ruled that:

> Plaintiff and other witnesses may testify about Plaintiff's history of attending Board meetings, his relationship with Buschak and other School Board members, the nature and substance of his prior presentations to the Board, and the reactions of Board members or other participants at meetings . . . .

Mem. Order of Dec. 30, 2014, at 4, ECF No. 124. As a corollary of this, the Court limited

Plaintiff to introducing "testimony and evidence, **of a general nature**, regarding his prior presentations on bullying, as such evidence provides relevant background information and context to Plaintiff's claim." *Id.* at 9 (emphasis in original).

The Court finds that Attorney Conti's proposed testimony regarding the letter sent to Plaintiff falls within the scope of what the Court previously deemed to be admissible – but just barely. In particular, it sheds some light on the brewing antagonism between Plaintiff and the School Board and School District's administration and helps to explain the content of some of Plaintiff's subsequent presentations to the Board. At the same time, though, there is a real risk that Attorney Conti's time on the witness stand could devolve into a distraction from what is really at issue. So, to be clear, it is the fact that the letter was sent that is salient – not why it was sent or whether it accurately portrayed the School Board's policy at the time. As the Court has already made quite clear, we are not going to have a series of "mini-trials" on the propriety of each and every action taken by anyone related to the School District with respect to Plaintiff. Attorney Conti's involvement in Plaintiff's criminal proceedings is also strictly off limits, in accordance with the Court's prior rulings.

The Court will thus be vigilant in restricting Attorney Conti's testimony to the fact that he sent the letter to Plaintiff. This should take no more than a few minutes to elicit. Furthermore, since the testimony will be so limited, it would seem more appropriate for the parties to attempt to reach a stipulation that would convey to the jury the sum and substance of the testimony regarding the letter, in lieu of presenting Attorney's Conti's testimony in person. This would avoid the risks of distraction the Court just described.

Accordingly, subject to the foregoing limitations in the scope of Attorney Conti's testimony, Defendants' Motion to Quash / Motion *in Limine* is hereby **DENIED**. **SO**

**ORDERED**, this 1st day of May, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Elizabeth Farina Collura, Esquire**
Email: ecollura@thorpreed.com
**Richard A. Lanzillo, Esquire**
Email: rlanzillo@kmgslaw.com
**Christopher J. Sinnott, Equire**
Email: csinnott@mmbwslaw.com
**Gary Eiben, Esquire**
Email: geiben@tmgattys.com